UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00274

**Jalil Rajaii Floyd,**
*Plaintiff*,

v.

**Texas Department of Criminal Justice et al.,**
*Defendants*.

**O R D E R**

Plaintiff Jalil Rajaii Floyd, an inmate of the Texas Department of Criminal Justice ("TDCJ") proceeding pro se, filed this civil action complaining of alleged deprivations of his rights. The case was referred to magistrate judge John D. Love. On June 20, 2023, the magistrate judge issued a report recommending that defendant's motion for summary judgment be granted and this case be dismissed for plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. 74. Plaintiff promptly filed a written objection to the magistrate's report and recommendation. Doc. 76.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

The sole remaining issue in the case is plaintiff's Americans with Disabilities Act ("ADA") claim against TDCJ and the University of Texas Medical Branch ("UTMB"). Plaintiff complains that defendants failed to provide him with a reasonable accommodation for his color blindness and myopia. He alleges that in early 2018 Officer Polite, since dismissed as a defendant, intentionally damaged and confiscated his eyeglasses and that his requests for a replacement have been ignored.

Defendants moved for summary judgment against plaintiff for failure to exhaust. Doc. 69 at 2–3. They asserted that plaintiff never filed any grievance against UTMB relating to his vision impairment

accommodation. The only relevant grievance plaintiff filed against TDCJ concerned Officer Polite's confiscation of his glasses in 2018. Defendants further asserted that plaintiff never filed any grievances about either the lack of color-corrective glasses or prison officials' failure to accommodate his disability. *Id.*

In response, plaintiff argued that he had no available remedy and that the defendants failed to disclose unspecified information. Doc. 70. He submitted as evidence a request form, dated March 18, 2020, asking the infirmary to contact the optometry department at the Estelle Unit, a penitentiary operated by the TDCJ, for color vision impairment glasses, which prompted a response indicating that "Estelle has nothing available." Doc. 70-1.

Defendants responded that plaintiff failed to show that the grievance process was unavailable or that he was in any way prevented from exercising administrative remedies. Doc. 71. Plaintiff filed a sur-reply again arguing that the defendants failed to disclose information. He stated that "the remedy was unavailable, not the process," maintaining he had no available remedy that could be addressed by the grievance procedure. Doc. 72.

The Prison Litigation Reform Act requires plaintiffs to exhaust all administrative remedies before filing a lawsuit. To properly exhaust in this case, plaintiff must file a Step One grievance, which is handled within the facility, and a Step Two grievance appeal, which is handled at the state level. Doc. 74 at 10.

After discussing the law concerning exhaustion of administrative remedies, the magistrate judge observed that plaintiff was aware of the grievance procedure and had used it on other occasions, including a complaint of a six-year delay in getting treatment for hepatitis C, complaints about the cleanliness of the dining hall, complaints of being housed in administrative segregation for 18 days at the Estelle Unit, and a complaint regarding the status of a withdrawal from his inmate trust account. Doc. 74 at 11-12.

The only complaint relevant to plaintiff's ADA claim was the one he filed against Officer Polite for confiscating his eyeglasses in 2018. But the magistrate judge concluded that this did not place the

defendants on notice of an ongoing ADA violation. Although plaintiff argued that the grievance procedure was "a simple dead end," the magistrate judge determined that plaintiff offered nothing to suggest that no form of relief was available to him through the grievance process, nor that TDCJ or UTMB officials were consistently unwilling or unable to grant relief. The magistrate judge observed that plaintiff's denied request for colorblindness eyeglasses from the Estelle Optometry department did not show that exhausting his claim through the administrative-grievance process would have been futile. Doc. 74 at 13.

In his objections to the magistrate judge's report, plaintiff contends that the defendants are saying he "must file repetitive grievance[s] on a continuous violation." Doc. 76 at 2. He asserts that the defendants are "in possession of more relevant undisclosed documents that would show the plaintiff had no available remedy to keep filing repetitive grievances on, and essentially plaintiff's claim is based on ADA denial of access to prison medical services, which is the same issue." *Id*. The summary-judgment evidence shows that plaintiff has not filed any grievances concerning his inability to obtain corrective eyewear. His grievance in 2018 against Officer Polite was for confiscating his glasses, not that replacements are unavailable. As the magistrate judge correctly explained, plaintiff's 2018 grievance did not exhaust his administrative remedies concerning an alleged ADA violation by TDCJ and UTMB in not replacing his eyeglasses. Thus, a later grievance complaining that plaintiff could not obtain corrective lenses would not have been repetitive. This objection is without merit.

Plaintiff's speculation about what additional discovery might have revealed does not show that he was entitled to a continuance to conduct discovery, nor can it defeat a properly supported motion for summary judgment. *Shelton v. Lemons*, 486 F. App'x 395, 397 (5th Cir. 2012); *Paul Radair Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029–30 (5th Cir. 1983). His objection is thus without merit.

Plaintiff next states that his claim is "exclusive to damages, which TDCJ grievance procedure also does not provide a remedy for

though he filed Step One and 2 grievances ignored by officials." Doc. 76 at 2. Exhaustion of administrative remedies is required even if monetary damages are not available through the prison grievance procedures. *Robinson v. Wheeler*, 338 F. App'x 437, 438 (5th Cir. 2009) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Plaintiff did not assert in his amended complaint or in his response or sur-reply to the motion for summary judgment that he filed Step One and Step Two grievances to which he did not receive a response. The Fifth Circuit has held that claims raised for the first time in objections to the magistrate judge's report are not properly before the district court. *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001); *Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016). While new evidence presented for the first time in objections may be considered in the discretion of the district court, *see Freeman v. Bexar County*, 142 F.3d 848, 852–53 (5th Cir. 1998), plaintiff's objections are not sworn and thus do not constitute competent summary-judgment evidence. *See Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015).

Even were this claim properly before the court, however, the conclusory and unsubstantiated assertion that plaintiff filed grievances to which he did not receive a response—absent even an allegation that the purportedly unanswered grievances concerned the subject matter of this lawsuit—cannot overcome a properly supported motion for summary judgment. *See, e.g.*, *Nelson v. Sollie*, 2023 WL 3863345 (5th Cir. June 7, 2023) (claim that plaintiff exhausted his administrative remedies by filing a grievance to which he never received a response was "wholly conclusional and is insufficient to survive summary judgment" (citing *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010))); *see also Huff v. Neal*, 555 F. App'x 289 (5th Cir. 2014) (unsupported allegations of exhaustion are insufficient to defeat a motion for summary judgment because "conclusory allegations supported by conclusory affidavits are insufficient to require a trial." (citing *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986))). These holdings comport with the longstanding principle that a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.

*Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 307 (5th Cir. 2020).

Plaintiff argues that the defendants waived the defense of failure to exhaust by not raising it in a timely manner, asserting that the defendants could have, but did not, raise it in their motion to dismiss. Doc. 76 at 3. Motions to dismiss are based upon the pleadings, and prisoners are not required to specially plead or demonstrate exhaustion in their complaints. *Hall v. Hodgkins*, 305 F. App'x 244, 248 n.1 (5th Cir. 2008). The defendants furnished summary-judgment evidence concerning exhaustion, which they could not have done in a motion to dismiss without converting it to a motion for summary judgment. Their motion for summary judgment on the issue of exhaustion was not untimely, and plaintiff's objection on this point is without merit.

Plaintiff contends that the TDCJ told his mother that the loss of his eyeglasses was being investigated, but the result of this investigation has never been disclosed. Doc. 76 at 4. He does not show how the results of such an investigation would be relevant to the question of whether he exhausted his administrative remedies concerning his ADA claim. This objection is without merit.

After arguing again that he had no available remedy, plaintiff cites *Patterson v. Stanley*, 547 F. App'x 510 (5th Cir. 2013), for the proposition that prisoners need not specifically identify in grievances the individuals whom they later intend to sue. While this is a correct statement of law, it has no bearing on plaintiff's circumstance, where he filed no grievances at all raising the issue forming the basis of his lawsuit. This objection is without merit.

Plaintiff maintains that grievances would have been futile, pointing to the response he received at the Powledge Unit saying that "Estelle has nothing available for color blindness from what I have been reported." Inmate requests for assistance, known as I-60's, are not part of the grievance process which inmates are required to exhaust. *Bisby v. Garza*, 342 F. App'x 969, 972 (5th Cir. 2009). In any event, the magistrate judge correctly determined that this response—saying that an individual at the Powledge Unit had been told that the Estelle Unit optometry department did not have eyeglasses to correct for color blindness— does not show that a formal

grievance to the UTMB administration would have been futile. A speculative assertion that filing a grievance would be futile does not satisfy the exhaustion requirement. *Mentecki v. Corr. Corp. of America*, 234 F.3d 1269, 2000 WL 1648127 at *2 (6th Cir. 2000). This objection is without merit.

In his supplemental objections to the magistrate judge's report, plaintiff says that the court can take judicial notice of an adjudicative fact. Doc. 77 at 1. He states that he has furnished summary-judgment evidence opposing the defendants' motion for summary judgment and that he stated in his grievance that there was an ADA violation. While it is true that plaintiff's 2018 grievance claimed that Officer Polite violated the ADA by confiscating his eyeglasses, this grievance would not place the remaining defendants in this lawsuit—TDCJ and UTMB—on notice of an ADA violation for failing to replace his eyeglasses in 2020. Because plaintiff's 2018 grievance complaining about Officer Polite did not give prison officials a fair opportunity to address his complaints two years later about being unable to receive replacement eyeglasses, it did not serve to exhaust his administrative remedies. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Plaintiff's supplemental objections are without merit.

Having reviewed the magistrate judge's report and the objections de novo, the court overrules the plaintiff's objections and accepts the report's findings and recommendations. The court dismisses this case without prejudice for failure to exhaust administrative remedies.

*So ordered by the court on August 29, 2023.*

J. CAMPBELL BARKER
United States District Judge